UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: 8:22-cv-00343-CJC-JDE                                   Date: August 25, 2022
Title: Seismotech Safety Systems Inc. v. Iradj Forootan et al

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| V.R. Vallery | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:
Not Present                                                                Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

    This is not the first time that some version of these parties and this dispute has come before this Court.  In 2020, a defendant in the present action, Iradj Forootan, brought suit in this Court seeking to enforce a state court judgment against Smart Disaster Response Technologies, Inc. ("SDRT") and Reza Baraty.  That judgment arose out of a settlement of a 2015 state court action ("Settlement Agreement").  This Court dismissed the 2020 action for lack of subject matter jurisdiction without prejudice to refiling in state court.  (*See Foorotan v. Smart Disaster Response Technologies Inc., et al.*, Case No. 8:20-cv-00146-JLS-DFM, Order, Doc. 26.)  The state court later ordered that judgment to be revised to exclude any reference to Baraty.  (Ex. 5 to First Amended Compl., Doc. 28-5 (Superior Court Case. No. 30-2015-00788310-CU-BT-CJC).)  In addition, it appears that, in 2021, Foorotan filed a new action in state court that was substantially similar to the one this Court dismissed.  (*See* First Amended Compl. ("FAC"), Doc. 28, ¶ 25 (Superior Court Case No. 30-2021-01188996).)  The Court takes judicial notice that both the 2015 and 2021 state court actions remain open.

    In the present action before this Court, Baraty has assigned some, but not all, of his rights under the Settlement Agreement to Plaintiff Seismotech Safety Systems Inc. ("Seismotech").  Based on that assignment, Seismotech has filed a complaint for breach

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:22-cv-00343-CJC-JDE                              Date: August 25, 2022
Title:  Seismotech Safety Systems Inc. v. Iradj Forootan et al

of contract, declaratory relief, and tortious interference. (*See* FAC; Settlement, Docs. 28-1, 28-3.)

The Court is concerned that the amount in controversy requirement for diversity jurisdiction has not been satisfied here.  A court may exercise diversity jurisdiction only when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332.  The FAC cites components of the amount in controversy that remain too speculative for the Court to exercise jurisdiction.  First, although the FAC cites to the total economic impact of the declaratory relief sought with respect to the Settlement Agreement as a whole, the only amount in controversy in this action is the economic impact of *Baraty's rights* as assigned to Seismotech.  The FAC does not specify the proportion of economic impact attributable to Baraty (now Seismotech) as opposed to that attributable to SDRT under the Settlement Agreement.  Further, the FAC suggests that the $1,380,000 figure attached to the value of declaratory relief may not be attributed to Baraty's rights under the contract at all—the Stipulation for Settlement itself indicates this amount is payable solely by SDRT, not Baraty.  (*See* Stipulation for Settlement, Ex. 1 to FAC, Doc. 28-1, ¶¶ 1, 9.)  Second, the FAC merely claims an estimate of attorney's fees of $70,000 without providing a factual basis for this claim.  Third, the FAC cites $200,000 in punitive damages, and "California law does not allow recovery of punitive damages by an assignee or subrogee." *Nat. Union Fire Ins. Co. of Pittsburg, PA v. Resources Dev. Servs., Inc.*, 2010 WL 4774929, at *9 (N.D. Cal. Nov. 16, 2010).  Fourth, the FAC asserts a tortious interference claim on behalf of Baraty; however, while Seismotech may be able to assert a tortious interference claim, *see Lesa, LLC v. Family Trust of Kimberly and Alfred Mandel*, 2016 WL 1446770, at *9 (N.D. Cal. April 13, 2013) (tortious interference claim may be assigned), the FAC has cited no facts to support its claim that Baraty's interest in the monetization of the Canadian patents is $3,000,000—it suggests only that Baraty and SDRT had a combined amount of interest in that amount.

Moreover, it appears that abstention may be appropriate in light of the pending and completed state court proceedings.  A number of state court proceedings involve similar

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:22-cv-00343-CJC-JDE                                    Date: August 25, 2022
Title:  Seismotech Safety Systems Inc. v. Iradj Forootan et al

or identical issues, and accordingly, Plaintiff is ordered to cause why the *Rooker-Feldman* doctrine or *Colorado River* abstention—or any other applicable abstention doctrine—do not counsel against this Court's exercise of jurisdiction.  *See Kougasian v. TMLS, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (federal courts lack jurisdiction over suits that are "de facto appeal[s]" of state court decisions); *Smith v. Central Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1032-33 (9th Cir. 2005) (*Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976) recognizes that in some circumstances, considerations such as the wise judicial administration, the conservation of judicial resources, and comprehensive disposition of litigation, justify stay or dismissal of federal proceedings pending resolution of concurrent state court proceedings).

     Plaintiff is ORDERED to show cause in writing no later than September 2, 2022 why this action should not be dismissed without prejudice for the above reasons.  Failure to respond by this date will result in the Court dismissing this action.  The Court further orders that Plaintiff promptly serve this minute order on any defendant who has been served with the Complaint, or who is served before the date specified above, and has not yet appeared in this action.

                                                                                   Initials of Deputy Clerk: vrv